Mark Bettilyon, Utah Bar No. 4,798
Eric E. Westerberg, Utah Bar No. 12,712
**THORPE NORTH & WESTERN, L.L.P.**
175 S. Main Street, Suite 510
Salt Lake City, UT 84111
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Plaintiff,*
*One Voice Children's Choir*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| One Voice Children's Choir, a Utah corporation, <br><br> Plaintiff, <br><br> vs. <br><br> One Voice International, LLC, a Utah limited liability company, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT** <br> **WITH JURY DEMAND** <br><br> Judge _____ |

Plaintiff One Voice Children's Choir ("One Voice"), by and through its counsel,

hereby files this Complaint with Jury Demand against Defendant One Voice

International, LLC ("Defendant") and alleges as follows:

### THE PARTIES

1.      Plaintiff, One Voice Children's Choir, is a Utah corporation with its

principal place of business at 63 East 11400 South #233, Sandy Utah 84070.

2.      Upon information and belief, Defendant One Voice International, LLC is a

Utah limited liability company with a principal place of business at 175 W Canyon Crest

Rd, STE 305, Alpine, Utah 84003.

## JURISDICTION AND VENUE

3.      One Voice brings this action pursuant to Lanham Trademark Act, Title 15, United States Code § 1051, *et seq.*.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1367, 1338 and 15 U.S.C. §§1114 and 1125.

5.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims arising under state law or common law because those claims are so related to the federal trademark claims that they form part of the same case or controversy.

6.      Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §1391 since Defendant conducts continuous and systematic business directly related to the trademarks at issue in this case, which trademarks are owned by a company in this judicial district.

7.      Upon information and belief, this Court has personal jurisdiction over Defendant as it is a Utah company and has purposefully directed its activities towards the state of Utah, causing harm suffered in the state of Utah, and this action is based upon activities that arise out of or relate to those contacts.

## GENERAL ALLEGATIONS

### One Voice Trademarks

8.      One Voice is a non-profit corporation in the business of entertainment and selling recordings. One Voice has been performing for the last 13 years across the country and has been recognized as a market leader and is highly respected among consumers.

9.      One Voice has received numerous awards including the John Lennon International Music Award, the Best of State Award for Best Children's Performing Group and the Boss statue for the most outstanding in the Arts and Entertainment division.

10.     Based on its extensive and longstanding use of ONE VOICE, One Voice has acquired significant goodwill and trademark rights in ONE VOICE.  Additionally, One Voice owns four U.S. Trademarks (Registration No. 4,833,244, Registration No. 4,833,245, Registration No. 4,833,246 and Registration No. 4,833,247) for ONE VOICE CHILDREN'S CHOIR.  These rights are collectively referred to herein as the "ONE VOICE Marks."  Copies of the trademark registrations are attached hereto as Exhibits A.

## DEFENDANT'S MISCONDUCT

11.     Upon information and belief, Defendant sells recordings and provides voice training and entertainment, including a children's choir.

12.     Upon information and belief, Defendant uses One Voice's ONE VOICE Mark in connection with Defendant's services by promoting goods and services as "One Voice International."

13.     Upon information and belief, Defendant owns the domain name <onevoiceinternational.org>.  Exhibit B.

14.     On or about April 11, 2016, One Voice's counsel sent a letter addressed to Mrs. Debra Bonner regarding One Voice's ownership of the ONE VOICE Marks and demanding that Defendant cease and desist all use.  However, upon information and belief, Defendant continues to use "One Voice."

15.     Upon information and belief, Defendant had actual notice that One Voice owns the ONE VOICE Marks.

16.     Defendant's actions are likely to cause consumer confusion as to the source of its goods and services and cause a false association between Defendant and One Voice.

17.     Upon information and belief, Defendant's actions have resulted in, and will continue to result in, substantial and irreparable harm to One Voice and to consumers.

18.     Upon information and belief, Defendant intended to and did trade on the substantial goodwill associated with the ONE VOICE Marks, and has intentionally misled the public into assuming a connection between One Voice and Defendant.

19.     Upon information and belief, Defendant's actions constitute a knowing and willful false designation of origin of Defendant's goods and services.

20.     Upon information and belief, Defendant's actions have caused and will continue to cause irreparable injury to One Voice.

## CAUSES OF ACTION

### COUNT I
### Federal Unfair Competition and False Designation of Origin
### 15 U.S.C. § 1125(a)

21.     One Voice realleges and incorporates by reference all of the foregoing paragraphs.

22.     One Voice owns the ONE VOICE Marks.

23.     Upon information and belief, Defendant has used the terms "One Voice"

in commerce.

24.     Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with One Voice, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

25.     Defendant's conduct constitutes false designation of origin and unfair competition pursuant to 15 U.S.C. §1125(a).

26.     Upon information and belief, One Voice is likely to be, has been, and will continue to be, damaged by Defendant's actions.

27.     Upon information and belief, One Voice has suffered actual damages and lost profits caused by Defendant's use of the ONE VOICE Marks, in an amount to be proven at trial.  Additionally, the harm to One Voice from Defendant's actions are not fully compensable by money damages.  One Voice has suffered and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringement committed by Defendant is permanently enjoined.

28.     Upon information and belief, Defendant knew of the ONE VOICE Marks and willfully infringed the ONE VOICE Marks.  Upon information and belief, Defendant's actions are willful, intentional, and/or deliberate.

29.     One Voice is entitled to injunctive relief and monetary damages against Defendant pursuant to 15 U.S.C. §§1116-1117.

30.     One Voice is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. §1117(a).

## COUNT II
### Infringement of a Federally Registered Trademark
### 15 U.S.C. § 1114

31.     One Voice realleges and incorporates by reference all the foregoing paragraphs.

32.     One Voice owns valid U.S. trademark registrations for the ONE VOICE Marks.

33.     Defendant's use of "One Voice" is likely to cause confusion, to cause mistake, or to deceive and is trademark infringement pursuant to 15 U.S.C. §1114.

34.     Upon information and belief, Defendant's infringement of the ONE VOICE Marks has caused and continues to cause damage and irreparable injury to the value and goodwill of the ONE VOICE Marks as well as damage and irreparable injury to the One Voice's goodwill, business, and reputation.

35.     Upon information and belief, Defendant's actions are deliberate, willful, fraudulent, and constitutes a knowing infringement of the ONE VOICE Marks.

36.     One Voice is entitled to injunctive relief pursuant to 15 U.S.C. §1114.

37.     One Voice is entitled to damages and to recover Defendant's profits, in an amount to be proven at trial, pursuant to 15 U.S.C. §1117(a).

38.     One Voice is entitled to recover treble damages pursuant to 15 U.S.C. § 1117(b).

39.     One Voice is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. §1117(a).

## PRAYER FOR RELIEF

**WHEREFORE**, One Voice respectfully requests that the Court enter a judgment in One Voice's favor as follows:

A.      That the Court enter judgment declaring that Defendant's actions infringe Plaintiff's registered ONE VOICE trademark in violation of 15 U.S.C. § 1114;

B.      That the Court enter judgment declaring that Defendant's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125;

C.      That the Court order that Defendant transfer ownership of the domain <onevoiceinternational.org> to One Voice.

D.      That the Court preliminarily and permanently enjoin Defendant from using "One Voice" or any term that infringes the ONE VOICE Marks or unfairly competes with One Voice

E.      That the Court require Defendant to pay monetary damages to One Voice in an amount to be proven at trial;

F.      That the Court require Defendant to pay prejudgment and post-judgment interest until such awards are paid;

G.      That the Court require Defendant to pay treble damages in an amount to be proven at trial;

H.      That the Court award One Voice punitive damages;

I.      That the Court require Defendant to pay One Voice's costs and attorneys' fees incurred in this action;

J.      That One Voice have such other and further relief as shall seem just and

proper to the Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, One Voice hereby demands a jury trial on all claims and issues so triable.


DATED:  June 9, 2016                    **THORPE NORTH & WESTERN, LLP**

                                        */Mark Bettilyon/*
                                        Mark Bettilyon
                                        Eric E. Westerberg

                                        *Attorneys for Plaintiff,*
                                        *One Voice Children's Choir*